**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

STREAMLIGHT, INC.,           )
                                    )
            Plaintiff,       )
                                    )     C.A. No.:
      v.                    )
                                    )     **JURY TRIAL DEMANDED**
HARBOR FREIGHT TOOLS USA, INC.,  )
                                    )
            Defendant.    )

## COMPLAINT

STREAMLIGHT, INC. ("Streamlight" or "Plaintiff") states the following for its complaint against HARBOR FREIGHT TOOLS USA, INC. ("HFT" or "Defendant").

### NATURE OF THE ACTION

1.      For nearly two decades, Streamlight has manufactured, advertised, and sold gun-mounted lights bearing its famous and distinctive contrasting band on the lamp head (the "Ring Mark"), which is covered by federal trademark registration U.S. Reg. No. 4,382,579 for "gun mounted lights" and is one of Streamlight's most valuable intellectual property assets. That registration has reached incontestable status and grants Streamlight the exclusive right to use the Ring Mark on such products. HFT, however, has co-opted this goodwill by copying and using the Ring Mark on its own copycat gun-mounted light (the "Infringing Light"), as shown below:

    

*Streamlight gun-mounted light*        *HFT copycat light*




*Streamlight gun-mounted light*          *HFT copycat light*

2.     In addition to infringing Streamlight's trademark rights in its federally registered Ring Mark, HFT has also infringed one or more claims of Streamlight's United States Patent No. 7,188,978 ("the '978 patent"), entitled "Light mountable on a mounting rail," issued on March 13, 2007.

3.     As this conduct violates federal trademark and unfair competition law, federal patent law, and Delaware statutory and common law, Streamlight brings this action for injunctive relief and damages as set forth in more detail below.

## THE PARTIES

4.     Plaintiff Streamlight is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business located at 30 Eagleville Road, Eagleville, Pennsylvania 19403.  Streamlight designs and manufactures flashlights and other portable lighting products.  It markets and sells these products to customers throughout the United States, including Delaware.

5.     On information and belief, HFT is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business located at 26677 Agoura Road, Calabasas, California 91302.  Among other products, HFT distributes, markets, and sells the Infringing Light in the United States, including Delaware.

## JURISDICTION AND VENUE

6.      For the federal trademark infringement and unfair competition claims (Counts 1 and 2), this Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  For the federal patent infringement claim (Count 3), this Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.  Subject matter jurisdiction over Streamlight's related state and common law claims (Counts 4 through 6) is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

7.      This Court has personal jurisdiction over HFT for at least the following reasons: (a) HFT is incorporated in the State of Delaware; (b) HFT has marketed, distributed, offered for sale, and/or sold the Infringing Light to persons within the State of Delaware; (c) HFT regularly transacts and conducts business within the State of Delaware; (d) HFT has committed acts of patent infringement and induced acts of patent infringement by others within the State of Delaware; and (e) HFT has otherwise purposefully established systematic and continuous contact with the State of Delaware and should reasonably expect to be brought into Court here.

8.      The District of Delaware is a proper venue pursuant to 28 U.S.C. §§ 1391 and 1400 because HFT is incorporated in the State of Delaware, HFT does business in the State of Delaware, HFT has committed acts of infringement in the State of Delaware, and a substantial part of the events relating to these claims occurred in the State of Delaware.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.    Background of Streamlight

9.      Since 1973, Streamlight has sold an array of effective, efficient, high-performance lighting tools in the United States.  Over the course of these 50-plus years, Streamlight has become an industry leader in developing flashlights and related lighting solutions featuring the latest

technology as well as top-end performance, durability, and value. Today, Streamlight's products are used by numerous law enforcement agencies, armed forces, fire fighters, emergency responders, and all varieties of industrial and commercial concerns.

10.    In particular, Streamlight has become well known for its development of gun-mounted lights of the highest quality and reliability. Many Streamlight personnel are ex-law-enforcement or ex-military or are active in the firearms industry and have otherwise developed hands-on, real-world experience that leads to new ideas and innovations that set Streamlight apart. As a result, Streamlight has developed a sterling reputation for its gun-mounted lights, which are highly sought-after in the United States by a customer base that is loyal to Streamlight and its high-end gun-mounted lights.

11.    Mindful that the end-purchasers of Streamlight gun-mounted lights include police departments, the military, and other government agencies and individuals that must operate in potentially dangerous environments, Streamlight has developed its products to be safe and reliable in all contemplated uses. All of this has resulted in a strong consumer perception of Streamlight, particularly among professional end-users, as creating gun-mounted lights that strictly conform to the highest industry standards for reliability and performance.

**B.    The Famous Ring Mark**

12.    In 2006, in an effort to aid consumers to identify and distinguish Streamlight's gun-mounted lights from its competitors' products, Streamlight began to place a metallic band around the cylindrical light head of its gun-mounted lights (the "Ring Mark"). Streamlight has consistently and continuously used this Ring Mark to identify its gun-mounted lights ever since, now for nearly two decades.

13.     In fact, Streamlight uses the Ring Mark on its entire line of gun-mounted lights, selected examples of which are shown below:







14.     To further consumer association of the Ring Mark with Streamlight, Streamlight consistently displays the Ring Mark in virtually all advertising and marketing for its gun-mounted lights and uses packaging that enables consumers to see and recognize the Ring Mark.  Streamlight has invested many tens of millions of dollars in consumer- and retailer-facing promotions and advertising that features the Ring Mark.

15.     Streamlight's gun-mounted lights identified by the Ring Mark are advertised and sold nationwide, both online and through retail establishments.  This has resulted in hundreds of millions of dollars in sales in Streamlight products bearing the Ring Mark.

16.     Through Streamlight's significant use and promotion, the Ring Mark has come to identify Streamlight as the source of certain gun-mounted lights, signifying Streamlight's quality and reputation to firearm retailers, purchasers, and users throughout the world.  Thus, the Ring Mark has developed secondary meaning.  Streamlight's Ring Mark is particularly well known

among gun and rifle retailers and collectors, hunters, shooting enthusiasts, law enforcement, and armed forces personnel.

17.     The Ring Mark is nonfunctional.  It is in no way essential to the purpose of the product, nor does it affect its cost or quality.

18.     The Ring Mark is famous among purchasers of gun-mounted lights and has been famous for well over a decade.

19.     As a result of Streamlight's extensive use and promotion of the Ring Mark, its resulting pristine reputation, and its distinctiveness and its fame, Streamlight has built up and now owns extremely valuable goodwill symbolized by the mark.

20.     To protect its valuable trademarks and associated goodwill, Streamlight sought and obtained federal registration from the United States Patent and Trademark Office of its Ring Mark. As a result, Streamlight is the owner of a federal trademark registration, Reg. No. 4,382,579, issued by the United States Patent and Trademark Office ("PTO") on August 13, 2013, for the Ring Mark, as depicted below, for "gun-mounted lights":



A copy of the Certificate of Registration for this mark is attached as Exhibit 1.  Streamlight submitted a significant amount of evidence to the PTO to establish the Ring Mark's recognition and secondary meaning among end-users.

21.    Affidavits have been filed with the PTO pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  As a result of this incontestable status, "the registration shall be conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce."  15 U.S.C. § 1115.

**C.    The '978 Patent**

22.    On March 13, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '978 patent to Streamlight as assignee.  A true and correct copy of the '978 patent is attached hereto as Exhibit 2.

23.    Streamlight is the owner by assignment of all right, title and interest in the '978 patent.  The invention described and claimed in the '978 patent is embodied in numerous Streamlight products, including the TLR-1, TLR-1 S, TLR-1 HPL, TLR-1 HL, TLR-1 HL-X, TLR-1 HP, TLR-1 HP-X, TLR-1 HP Long Gun, TLR-2, TLR-2 HL, TLR-2 S, TLR-3, TLR-4, TLR-4 G, TLR-7 X, TLR-7 X Sub, TLR-7 HL-X, TLR-7 HL-X Sub, TLR-8 X, TLR-8 HL-X, TLR-8 X Sub, and TLR-8 HL-X Sub, among others.

**D.    HFT's Trademark Infringement and Unfair Competition**

24.    In blatant disregard of Streamlight's rights, HFT has imported, distributed, offered for sale, and sold in interstate commerce a gun-mounted light that exactly copies Streamlight's Ring Mark.  HFT identifies the Infringing Light as "Braun Tactical Rail Mount LED Light (see photographs below):




25.    The Infringing Light imitates Streamlight's Ring Mark in a manner that is likely to cause consumer confusion and deceive the public regarding the source, sponsorship, and/or affiliation of that light.  HFT's sale of the Infringing Light is therefore unlawful and is causing irreparable harm to Streamlight's brand.

26.    HFT distributes and sells a wide range of rechargeable flashlights and work lights that compete directly with those manufactured and sold by Streamlight.  HFT, therefore, is offering the Infringing Light to the same or similar consumers as Streamlight, and HFT's Infringing Light is sold in overlapping channels of trade.

27.    Streamlight's Ring Mark products and HFT's Infringing Lights are both sold online.  In particular, Streamlight's products are available for sale in Delaware and throughout the United

States, through Amazon.com, among many other retailers; HFT's Infringing Lights are available for sale in Delaware and throughout the United States, through HFT's retail stores (located in Dover, Middletown, Milford, Millsboro, Newark, Rehoboth Beach and Seaford) and website, www.harborfreight.com. Confusion among purchasers of gun-mounted lights is likely. Indeed, since HFT has introduced and begun selling the Infringing Light, Streamlight has learned of multiple instances of actual confusion caused by this product.

28.     There is significant potential for post-sale confusion as well. HFT's Infringing Light may also be seen by potential consumers in areas where Streamlight's Ring Mark products are expected to be seen, such as on gun ranges and in the hands and holsters of gun owners, enabling HFT to gain the benefit of Streamlight's goodwill.

29.     Upon information and belief, HFT had knowledge of and was familiar with the Ring Mark when it began importing, distributing, offering for sale and selling the Infringing Light. Upon information and belief, HFT intentionally adopted and used a confusingly similar imitation of the Ring Mark knowing that it would mislead consumers into believing that HFT's Infringing Light was produced, authorized, or licensed by, or otherwise associated with, Streamlight.

30.     Streamlight has not authorized HFT's use of the Ring Mark and is not associated, affiliated, or connected with the Infringing Light in any way.

31.     HFT's misappropriation of the Ring Mark is causing irreparable harm to Streamlight's goodwill and reputation for quality that the Ring Mark denotes to consumers. HFT's misappropriation of the Ring Mark is also causing Streamlight monetary damages in the form of lost sales and lost profits.

E.    **HFT's Patent Infringement**

32.    HFT's Infringing Light also infringes at least claim 43 of the '978 patent.    In

particular, each element recited in claim 43 of the '978 patent is found literally in HFT's Infringing

Light such that this product is within the scope of this claim, as set forth in the table below:

| *Claim 43, '978 patent* | *HFT's Infringing Light* |
|---|---|
| A mounting arrangement for mounting an object on a mounting rail having a keying feature, said mounting arrangement comprising: |  |
| | As stated on the packaging, the Infringing Light is "compatible with most full-side and compact Picatinny Railed Firearms: Glock-Style, Beretta 90-Two, Smith & Wesson 99 and Smith & Wesson TSW, etc."    Picatinny rails are mounting rails having a keying feature. |

| Claim 43, '978 patent | HFT's Infringing Light |
|---|---|
| first and second clamp members on said object movable closer together for clamping a mounting rail, whereby a mounting rail may be clamped between said first and second clamp members; |  First and second clamp members are identified in the photo above with white arrows. |
| said object having a recess located on said object between said first and second clamp members; and |  The Infringing Light includes a recess located between the first and second clamp members, identified in the photo above with a white arrow. |

| Claim 43, '978 patent | HFT's Infringing Light |
|---|---|
| a keying member removably disposed in the recess of said object, said keying member having a keying feature that engages the keying feature of the mounting rail when the object is clamped to the mounting rail by said first and second clamping members. |  The Infringing Light includes five removable keying members, each labeled for the type of weapon (Glock, 1913, 90-Two, etc.) to use with that keying member. The keying feature for each is circled in red in the photo above. |

33.     HFT's infringement of the '978 patent is willful and intentional. On information and belief, HFT has knowledge of Streamlight's '978 patent through labeling describing Streamlight's products embodying the claimed invention as "Patented" and directing attention to Streamlight's identification of patents at www.streamlight.com/patents.

## FIRST CLAIM FOR RELIEF
(Federal Trademark Infringement)

34.     Streamlight repeats and incorporates by reference the allegations set forth in the preceding paragraphs.

35.     The Ring Mark is valid, distinctive, and nonfunctional, has acquired secondary meaning, and serves as a source identifier.

36.     Streamlight owns the Ring Mark.

37.     The Ring Mark is covered by federal trademark registration U.S. Reg. No. 4,382,579.

38.    HFT's use of a confusingly similar imitation of Streamlight's Ring Mark is likely to cause and already has caused confusion, deception, and mistake by creating the false and misleading impression that HFT's goods are manufactured or distributed by Streamlight, or are associated or connected with Streamlight, or have the sponsorship, endorsement, or approval of Streamlight.

39.    HFT's Infringing Ring Design is confusingly similar to Streamlight's federally registered marks in violation of 15 U.S.C. § 1114.  HFT's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Streamlight's goodwill and reputation as symbolized by Streamlight's Ring Mark, for which Streamlight has no adequate remedy at law.

40.    HFT's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Streamlight's Ring Mark to Streamlight's significant, irreparable harm.

41.    HFT caused and is likely to continue causing substantial injury to the public and to Streamlight, and Streamlight is entitled to injunctive relief and to recover HFT's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**SECOND CLAIM FOR RELIEF**
(Federal False Designation of Origin and Unfair Competition)

42.    Streamlight repeats and incorporates by reference the allegations set forth in the preceding paragraphs.

43.    HFT's use of a confusingly similar imitation of Streamlight's Ring Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that HFT's goods are manufactured or distributed by Streamlight, or are affiliated,

14

connected, or associated with Streamlight, or have the sponsorship, endorsement, or approval of Streamlight.

44.    HFT has made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a).  HFT's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Streamlight's goodwill and reputation as symbolized by Streamlight's Ring Mark, for which Streamlight has no adequate remedy at law.

45.    HFT's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Streamlight's Ring Mark to the significant, irreparable injury of Streamlight.

46.    HFT's conduct has caused, and is likely to continue causing, substantial injury to the public and to Streamlight.  Streamlight is entitled to injunctive relief and to recover HFT's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

**THIRD CLAIM FOR RELIEF**
(Federal Patent Infringement)

47.    Streamlight repeats and incorporates by reference the allegations set forth in the preceding paragraphs.

48.    The '978 patent is valid and enforceable.

49.    HFT has infringed and continues to infringe at least claim 43 of the '978 patent under 35 U.S.C. § 271(a), either literally or under the Doctrine of Equivalents, by offering to sell or selling within the United States or importing into the United States the Infringing Light.

50.     On information and belief, HFT has had knowledge and notice of the '978 patent, as well as of its own infringement of this patent.  On information and belief, HFT has knowledge of Streamlight's '978 patent through labeling describing Streamlight's products embodying the claimed invention as "Patented" and directing attention to Streamlight's identification of patents at www.streamlight.com/patents.

51.     Streamlight has been and continues to be damaged by HFT's infringement of the '978 patent.

52.     HFT's infringement of the '978 patent has been and continues to be willful.

53.     HFT's infringement of the '978 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**FOURTH CLAIM FOR RELIEF**
(Unfair and Deceptive Trade Practices – Delaware Law)

54.     Streamlight repeats and incorporates by reference the allegations set forth in the preceding paragraphs.

55.     HFT has been and is passing off its goods as those of Streamlight, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of HFT's goods, causing a likelihood of confusion as to HFT's affiliation, connection, or association with Streamlight, and otherwise damaging the public.

56.     HFT's conduct in infringing the Ring Mark by selling the Infringing Light with the confusingly similar Infringing Ring Design constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including Delaware, 6 Del. C. §§ 2531 to 2536 (the Deceptive Trade Practices Act or "DTPA").

57.     The DTPA prohibits conduct that causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods.  See 6 Del. C. § 2532(a)(2).

58.     HFT's conduct has caused and is likely to cause substantial injury to the public and to Streamlight.  Streamlight, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

### FIFTH CLAIM FOR RELIEF
(Common Law Trademark Infringement and Unfair Competition)

59.     Streamlight repeats and incorporates by reference the allegations set forth in the preceding paragraphs.

60.     HFT's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Streamlight.  Streamlight has no adequate remedy at law for this injury.

61.     On information and belief, HFT acted with full knowledge of Streamlight's use of, and statutory and common law rights to, Streamlight's Ring Mark and without regard to the likelihood of confusion of the public created by HFT's activities.

62.     HFT's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Streamlight's Ring Mark to the significant, irreparable injury of Streamlight.

63.     As a result of HFT's acts, Streamlight has been damaged in an amount not yet determined or ascertainable.  At a minimum, however, Streamlight is entitled to injunctive relief, to an accounting of HFT's profits, damages, and costs.  Further, in light of the deliberate and malicious use of a confusingly similar imitation of Streamlight's Ring Mark, and the need to deter

HFT from engaging in similar conduct in the future, Streamlight additionally is entitled to punitive damages.

### SIXTH CLAIM FOR RELIEF
(Violation of Delaware Antidilution Statute)

64.     Streamlight repeats and incorporates by reference the allegations set forth in the preceding paragraphs.

65.     6 Del. C. § 3313 provides: "Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark registered under this chapter, or a mark valid at common law or a trade name valid at common law, shall be a ground for injunctive relief notwithstanding the absence of competition between the parties, or the absence of confusion as to the source of goods or services."

66.     Streamlight has extensively and continuously promoted and used the Ring Mark throughout the United States, and the Ring Mark became a distinctive, famous, and well-known symbol of Streamlight's goods in Delaware well before HFT began using the Infringing Ring Design or offering the Infringing Light for sale.

67.     HFT's conduct dilutes and is likely to dilute the distinctiveness of Streamlight's Ring Mark by eroding the public's exclusive identification of this mark with Streamlight and tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish Streamlight's goods.

68.     HFT is causing and will continue to cause irreparable injury to Streamlight's goodwill and business reputation and dilution of the distinctiveness and value of Streamlight's famous and distinctive mark in violation of the Delaware Antidilution Statute, Delaware, 6 Del. C. § 3313 (2009).

69.     Streamlight, therefore, is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Streamlight prays for judgment in its favor and against HFT on Counts 1 through 6 above, stating:

A.     That HFT has infringed the '978 patent in violation of federal law;

B.     That HFT has infringed the Ring Mark in violation of federal law;

C.     That HFT has engaged in unfair competition in violation of federal law;

D.     That HFT has engaged in unfair and deceptive trade practices in violation of Delaware statutory law;

E.     That HFT has engaged in trademark infringement and unfair competition in violation of Delaware common law;

F.     That HFT has engaged in trademark dilution in violation of Delaware statutory law;

G.     That Streamlight be awarded all damages adequate to compensate it for HFT's violation of federal and Delaware law, such damages to be determined by a jury and an accounting, if necessary, to compensate Streamlight adequately for the violations above;

H.     That the damages awarded to Streamlight be trebled, with pre-judgment and post-judgment interest;

I.     That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and 6 Del. C. § 2533(b) and that Streamlight be awarded its attorney fees, costs and expenses incurred in connection with this case;

J.  That HFT and all its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from HFT, or in concert or participation with HFT, and each of them, be enjoined from:

    i.  advertising, marketing, promoting, offering for sale, distributing, or selling the Infringing Light;

    ii.  infringing the '978 patent through the offer, sale or importation of any other products;

    iii.  using the Ring Mark or any other copy, reproduction, colorable imitation, or simulation of Streamlight's Ring Mark on or in connection with any other products;

    iv.  using any trademark, name, logo, design, or source designation of any kind on or in connection with HFT's products that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Streamlight's trademarks, trade dresses, names, or logos;

    v.  using any trademark, name, logo, design, or source designation of any kind on or in connection with HFT's products that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Streamlight, or are sponsored or authorized by Streamlight, or are in any way connected or related to Streamlight;

    vi.  using any trademark, name, logo, design, or source designation of any kind on or in connection with HFT's products that dilutes or is likely to dilute the distinctiveness of Streamlight's trademarks, trade dresses, names, or logos;

20

vii.    passing off, palming off, or assisting in passing off or palming off HFT's products as those of Streamlight, or otherwise continuing any acts of unfair competition as alleged in this Complaint; and

K.    That HFT be ordered to deliver up for impoundment and for destruction, all products, labels, tags, signs, packages, receptacles, advertising, samples, promotional materials, or other materials in the possession, custody or under the control of HFT that are found to infringe the '978 patent or adopt, infringe, or dilute any of Streamlight's trademarks or that otherwise unfairly compete with Streamlight and its products;

L.    That Streamlight be awarded all damages caused by the acts forming the basis of this Complaint, including all damages available under 35 U.S.C. § 284 in an amount including but not limited to lost profits and/or a reasonable royalty;

M.    Based on HFT's knowing and intentional use of a confusingly similar imitation of the Streamlight Ring Mark, the damages awarded be trebled and the award of HFT's profits be enhanced as provided for by 15 U.S.C. § 1117(a) or by other federal or Delaware state law;

N.    That HFT be required to pay to Streamlight the costs and reasonable attorneys' fees incurred by Streamlight in this action pursuant to 15 U.S.C. § 1117(a) or by other federal or Delaware state law;

O.    Based on HFT's willful and deliberate infringement and/or dilution of the Streamlight Ring Mark, and to deter such conduct in the future, Streamlight be awarded punitive damages; and

P.    That Streamlight be granted such other and further relief as the Court may deem

just.

### JURY TRIAL DEMAND

Streamlight respectfully demands a trial by jury on all claims and issues so triable.


CONNOLLY GALLAGHER, LLP

*/s/ Alan R. Silverstein*
Alan R. Silverstein (#5066)
1201 N. Market Street
20th Floor
Wilmington, DE  19801
(302) 757-7300
asilverstein@connollygallagher.com

Dated: June 26, 2025

*Attorneys for Plaintiff*
*Streamlight, Inc.*